IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DANIEL BOOS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 120-082 |
| | ) | |
| JERMAINE WHITE, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, (doc. no. 13), to which objections have been filed, (doc. no. 17). Petitioner does not offer any new evidence or argument that warrants deviating from the recommendation to reject all of Petitioner's ineffective assistance of counsel claims and deny the petition in its entirety. Rather Petitioner re-hashes the arguments raised in his petition and briefing, without acknowledging the double deference owed by the federal court to the state court's decision on the ineffective assistance claims. (See doc. no. 13, pp. 15-16 (citing Harrington v. Richter, 562 U.S. 86, 105 (2011) and Yarborough v. Gentry, 540 U.S. 1, 4 (2003)).)

As the Magistrate Judge thoroughly explained:

> . . . "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment . . . . [F]ederal courts are to afford both the state court and the defense attorney the benefit of the doubt." Woods v. Etherton, 578 U.S.-, 136

> S. Ct. 1149, 1151 (U.S. 2016) (*per curiam*) (internal quotations and citations omitted).
>
> To summarize, for Petitioner to obtain federal habeas relief, "[t]he state court decision must be so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. That is, if fairminded jurists could reach differing conclusions, this Court owes deference to the state court decision, and federal relief is not available. Shinn v. Kayer, 592 U.S.-, 141 S. Ct. 517, 525 (2020) (*per curiam*) ("Perhaps some jurists would share those views [of a federal appeals court weighing evidence to reverse state court rejection of a Strickland claim], but that is not the relevant standard. The question is whether a fairminded jurist could take a different view. And the answer is yes."). Put another way, "the question becomes whether there is any reasonable argument that counsel satisfied Strickland's deferential standard. Raulerson v. Warden, 928 F.3d 987, 997 (11th Cir. 2019) (citation omitted), *cert. denied*, 140 S. Ct. 2568 (U.S. Mar. 30, 2020).

(Id. at 16.)

Petitioner strenuously argues his interpretation of the record and the alleged errors made by counsel is correct, and the state court decision considered by the Magistrate Judge in his analysis is incorrect. However, Petitioner's arguments made in hindsight, and without any consideration of whether fairminded jurists could reach differing conclusions, are insufficient to overcome the high burden in place for individuals seeking federal habeas corpus relief under the two-pronged test of Strickland v. Washington, 466 U.S. 668 (1984). The Magistrate Judge thoroughly addressed Petitioner's claims, citing the applicable record evidence and explaining the relevant case law supporting the legal analysis that Petitioner is not entitled to the relief he seeks. Accordingly, the Court **OVERRULES** all objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge, and **DENIES** the instant petition, brought pursuant to 28 U.S.C. § 2254.

Further, a prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas

2

corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 7th day of September, 2021, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.